UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY PAUL HECHLER, <br> Petitioner, <br> v. <br> UNITED STATES OF AMERICA, <br> Respondent. | Civil No.: 16cv02473 JAH <br> Criminal No.: 11cr03702 JAH <br><br> **ORDER DENYING MOTION TO VACATE** |

Petitioner Jeffrey Paul Hechler filed a motion challenging his conviction under 28 U.S.C. section 2255. Respondent filed a response and Petitioner filed a traverse. After a thorough review of the record and the parties' submissions, and for the reasons set forth below, this Court DENIES Petitioner's motion.

## BACKGROUND

On August 19, 2011, Petitioner was charged in a two count indictment with distribution of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. section 2252 and possession of matters containing images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. section 2253. See Doc. No. 1. On July 25, 2012, a nine count superseding indictment was filed charging Petitioner with distribution of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. section 2252 and possession of matters containing images of minors engaged in

1

sexually explicit conduct in violation of 18 U.S.C. section 2253. On the third day of testimony in his criminal trial, Petitioner changed his plea to guilty. See Doc. No. 52.

At the sentencing hearing, this Court sentenced Petitioner to 168 months on counts 1 through 5 and 120 months on counts 6-9 to be served concurrently, followed by five years of supervised release. See Doc. No. 68. Petitioner appealed the sentence and the Ninth Circuit Court of Appeals affirmed the Court's judgment.

## DISCUSSION

Petitioner moves to vacate or modify his sentence on the ground he was denied effective assistance of counsel.

### I. Legal Standard

A section 2255 motion may be brought to vacate, set aside or correct a federal sentence on the following grounds: (1) the sentence "was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

### II. Analysis

Petitioner argues he was denied his Sixth Amendment right to effective assistance of counsel when trial counsel failed to conduct adequately research and present legal authority in support of a request for a downward variance. He contends counsel was unaware of and failed to refer to United States v. Henderson, 649 F.3d 955 (9th Cir. 2011), in which the Ninth Circuit instructed that in child pornography cases, the sentencing court should consider the unique history of the Sentencing Guidelines for child pornography and how they were driven by political pressure in Congress to override recommendations of the Sentencing Commission and result in guidelines near the statutory maximum for the "generic" offender.

Respondent argues there is nothing to indicate counsel's performance was deficient or that counsel failed to adequately and effectively present mitigating factors in support of a lower sentence. Respondent contends counsel filed a sentencing memorandum

articulating mitigating factors, had Petitioner evaluated by a psychologist and argued the guidelines were advisory while urging the Court to impose a lower sentence. Additionally, Respondent argues there is no reasonable probability the Court would have imposed a different sentence had counsel raised Henderson at the sentencing hearing. Respondent maintains the case was decided more than two years prior to the sentencing hearing and Petitioner only assumes the Court was unaware of the case, and both counsel and the Court were aware the guidelines were advisory. Respondent further maintains even if counsel raised Henderson, it can be distinguished from the instant case because it concerned an individual charged with possession of children pornography, not distribution and possession which carries a mandatory minimum sentence and a higher base offense level; the pre-sentence report in Henderson recommended a below guideline sentence unlike here where the probation department sought a higher sentence than that sought by the government; and Petitioner's background falls short of the tragic physical and sexual abuse suffered by Henderson as a child.

In his traverse, Petitioner argues he was sentenced two years after the decision in Henderson and there is no reason for trial counsel's failure to cite the case. Although trial counsel requested a sentence of seven years in prison and the Court imposed a sentence of fourteen years, twenty months below the guideline minimum of 188 months, he contends the same disparity was present in Henderson. Petitioner maintains only this Court can determine if the sentence imposed would have been lower had the Court been aware that the guidelines for this offense were themselves inflated and should be viewed with a scrutiny that other guidelines do not require.

The Sixth Amendment to the Constitution provides that every criminal defendant has the right to effective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated the test for determining whether a criminal defendant's counsel rendered constitutionally ineffective assistance. To sustain a claim of ineffective assistance, a petitioner has the burden of showing (1) that his or her defense counsel's performance was deficient, and (2) that the deficient performance prejudiced his

or her defense. Id. at 690-92; Hendricks v. Calderon, 70 F.3d 1032, 1036 (9th Cir. 1995). Petitioner must prove both elements. The court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. Strickland, 466 U.S. at 697. The Strickland test applies to federal collateral proceedings. Id.

The Court finds Petitioner fails to demonstrate prejudice. While counsel did not cite to Henderson during sentencing, this Court was aware that the Sentencing Guidelines are advisory and the Court was free to depart downward from the recommended range. Absent any indication otherwise, the presumption is that the Court was aware that it had discretion to depart below the low-end of the guideline range and Petitioner provides nothing to suggest that the Court would have departed further had defense counsel cited Henderson.

Accordingly, Petitioner fails to demonstrate ineffective assistance of counsel.

**B. Hearing**

Respondent maintains Petitioner's claim does not merit a hearing. This Court finds the record conclusively establishes Petitioner is not entitled to relief. Accordingly, there is no basis for an evidentiary hearing. See 28 U.S.C. § 2255(b).

**III. Certificate of Appealability**

Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in Section 2255 cases such as this. A habeas petitioner may not appeal the denial of a Section 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to

proceed further. <u>Lambright v. Stewart</u>, 220 F.3d 1022, 1025-26 (9th Cir. 2000) (citing <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000); <u>Barefoot v. Estelle</u>, 463 U.S. 880 (1983)).

Based on this Court's review of the record, this Court finds no issues are debatable among jurists of reason and no issues could be resolved in a different manner. This Court further finds that no questions are adequate to deserve encouragement to proceed further. Therefore, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner's motion to vacate, set aside or correct his sentence is **DENIED**; and

2. Petitioner is **DENIED** a certificate of appealability.

Dated: November 19, 2018

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE